UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HERSHEY and HERSHEY
COMMERCIAL FUNDING, INC.,

    Plaintiffs,

Case No. 08-10522

DISTRICT JUDGE JOHN CORBETT O'MEARA
v.     MAGISTRATE JUDGE STEVEN D. PEPE

CAPITAL REALTY SERVICES, INC.,
f/k/a CRS, LLC, ACTIVE FINANCE GROUP, LLC, f/k/a
KMA II, LLC and GREGG REICHMAN, individually,

    Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE DOCKET ENTRY 28, DEFENDANTS' FIRST AMENDED WITNESS LIST, AND MOTION FOR SANCTIONS (DKT. #39)**

    Plaintiffs filed suit against Defendants seeking unpaid commissions for real estate investment capital procured by Plaintiff for the benefit of Defendants, for the years 2006 through the present. On March 31, 2009, Plaintiffs moved for an order striking docket entry 28, Defendants' First Amended Witness List, and moved for an order of sanctions (Dkt. #39). On April 28, 2009, Plaintiffs' motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #47). A June 5, 2009, hearing was held on Plaintiffs' motion at which time all unresolved issues were heard. For the reasons stated on the record and indicated below, Plaintiffs' motion is **GRANTED IN PART**.

    The Court's August 21, 2008, Scheduling Order established a date of December 8, 2008, to file witness lists (Dkt. #16). Both parties filed witness lists on or before December 8, 2008

1

(Dkt. #20 & #21). On February 26, 2009, via e-mail, Defendants advised Plaintiffs that they would be filing an amended witness list naming James John Lewandowski as an "industry expert," and attached his curriculum vitae (Dkt. #44, Ex. A). In the February 26, 2009, e-mail, Defendants advised that they could not produce Mr. Lewandowski for deposition before the close of discovery, but would offer to produce him after the close of discovery at a mutually agreeable date and time.

On February 26, 2009, Defendants filed an amended witness list (Dkt. #28). Defendants did not seek leave of Court to file the amended witness list. The only difference between Defendants' first witness list and the amended witness list is the addition of Mr. Lewandowski, identified as an "industry expert." This case was filed February 5, 2008, and all defendants were served by February 29, 2008 (Dkt. #1 & #5-7). While extended by agreement of the parties on August 21, 2008, (Dkt. #16), as of February 26, 2009, discovery was set to be completed by March 12, 2009, with dispositive motions to be filed by April 13, 2009.[1]

On February 26, 2009, via e-mail, Plaintiffs communicated an objection to the addition of Mr. Lewandowski to Defendants' amended witness list, and asked Defendants to withdraw it. Defendants would not withdraw the amended witness list, contending that Plaintiffs would not be prejudiced by the naming of Mr. Lewandowski because Defendants identified him prior to the close of discovery, provided his curriculum vitae, and stated they would offer to produce Mr. Lewandowski for deposition after the close of discovery (Dkt. #44, Ex. B).

Defendants also suggest that this Court consider the reasoning of Magistrate Judge

---

[1] The June 11, 2008, scheduling order set September 8, 2008, for witness lists and closed discovery October 13, 2008 (Dkt. #11).

Majzoub in *Cotton v. Sassak*, 2008 WL 1882708 at *1 (E.D. Mich., April 24, 2008) where Magistrate Judge Majzoub stated:

> Even so, there were 19 days left in the discovery period when the witness list was filed. Plaintiffs did not make any effort to notice depositions or to serve interrogatories during this time period. They do not now ask for an extension of discovery to accomplish these tasks. During oral argument the Court inquired of Plaintiffs' counsel how Plaintiffs were prejudiced by the late filing of Defendants' witness list. The only prejudice cited was the "continued delay" in the case which might arise from the taking of additional depositions of these witnesses or similar discovery. However, discovery has now closed and no depositions are pending for these witnesses. The Court finds that Plaintiffs have not shown that they were prejudiced to any significant degree by Defendants' tardy filing of their witness list.
>
> * * *
>
> Plaintiffs have failed to show that the imposition of such a severe sanction is warranted. Their failures to take any action to discover the substance of these witnesses' testimony before the discovery period closed and to ask now for any such relief suggest that Plaintiffs are not significantly prejudiced. The responses during oral argument by Plaintiffs' counsel to the Court's inquiries about possible prejudice confirm this conclusion. Accordingly, Plaintiffs' Motion to Strike Defendants' witness list will be denied.

*Cotton v. Sassak*, 2008 WL 1882708 at *1-2 (E.D. Mich., April 24, 2008). [2]

In sum, Defendants, citing to *Cotton v. Sassak*, argue that Plaintiffs have the burden of demonstrating prejudice before this Court can strike their First Amended Witness List. Yet, there is nothing contained in the Federal Rules of Civil Procedure that suggests a party may disregard a court's scheduling order as it see fits, except where the opposing party is prejudiced by such action. Rule 16 of the Federal Rules of Civil Procedure governs pretrial conferences and orders. The purpose of the rule is "to promote familiarity with the issues actually involved in the lawsuit 'so that parties can accurately appraise their cases and substantially reduce the danger of

---

[2] It may also be significant that the *Cotton* case involved the "parties *preliminary* list of witnesses, lay and expert" (emphasis supplied). *Cotton v. Sassak*, 2008 WL 1882708 at *1.

3

surprise at trial.'" *Clarksville-Montgomery Cty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522, at 218 (2d ed.1990)).  As a means of furthering its goals and strengthening the court's ability to manage the case through the entire pretrial phase, Rule 16 permits the court to sanction parties for failing to comply with its orders issued pursuant to the rule.  *See* Fed. R. Civ. P. 16(f).  Under Rule 16(f)(1) the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Rule 16 does provide some allowance for amending the pleadings after a deadline imposed by the court, in the form of a modification of the scheduling order, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Defendants make no such showing.  Indeed, the Court is curious as to why defense counsel was not aware shortly after filing Defendants' March 12, 2008 (Dkt. #3) answer to the Complaint that he may want to call an expert witness at trial.  At the June 5, 2009, hearing on the present motion, defense counsel indicated that it did not become apparent to him that he may need to call an expert witness until he read Defendant Gregg Reichman's January 29, 2009, deposition.  Clearly, defense counsel was free, and indeed expected, to talk to his client regarding a defense strategy long before his client was deposed.  Defense counsel's failure to recognize the need to call an expert witness until more than a  year after the Complaint in this matter was filed and just two weeks before the extended date for the close of discovery does not demonstrate due diligence in meeting this Court's August  21, 2008, Scheduling Order (Dkt. #16).

Defense counsel's failure to adequately discuss with his client a defense strategy and to take appropriate actions until after the explicit deadlines in this Court's Scheduling Order passed belies any assertion of good cause for a delay.  Therefore, the Court will not alter its Scheduling Order and **GRANTS** Plaintiffs' motion to strike Defendants' First Amended Witness List (Dkt. #28).  The Court declines, however, to grant Plaintiffs' request for monetary sanctions at this time.

The parties to this action may object to and seek review of this Order, within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.

**SO ORDERED.**

Date: June 9, 2009                                             s/Steven D. Pepe
Ann Arbor, Michigan                                       United States Magistrate Judge


I hereby certify that a copy of the foregoing document has been mailed to counsel of record via electronic and/or ordinary mail.

                                                                           s/D. Opalewski
                                                                           Case Manager